[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on September 30, 1978 in New Canaan, Connecticut. The court has jurisdiction as the plaintiff has been a lifelong resident of Connecticut and all statutory stays have expired. There are no children of this marriage. The evidence indicates the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 46 years old. She enjoyed good health until she was seriously injured in an automobile accident in 1987. As a result of her injuries to her neck and back she required surgery. Except for a brief period after the accident, she has been unable to work. The plaintiffs treating physician considers her completely disabled. She is receiving social security disability insurance benefits.
The defendant is 47 years old. Other than a sciatic nerve inflammation CT Page 8061 episode that occurred on one occasion, he reports no health problems. He is self employed and operates a septic service company.
The plaintiff attributes the breakdown of the marriage to the behavior of the defendant towards her and his failure to pay attention to her. The defendant denies these charges and expressed shock when this action was commenced by the plaintiff. The court finds that the defendant must bear the major responsibility for the failure of this relationship.
The court has carefully considered the criteria set forth in General Statutes, Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) The defendant shall pay to the plaintiff as periodic alimony the sum of two hundred ($200.00) dollars per week. The payments shall commence July 8, 2002, in advance, and on the first day of every week thereafter, until the death of either party, the defendant's remarriage or her cohabitation as defined in General Statutes 46b-86 (b), whichever event first occurs.
(2) The parties previously sold their marital residence and by agreement divided a portion of the proceeds of sale. The balance is currently held in escrow for distribution at this time. The amount being held in escrow is approximately $65,000.
The plaintiff obtained a substantial sum of money as a result of a settlement of her claim for injuries in the 1987 automobile accident. The net proceeds were $168,000. They were received in 1990 and used to purchase the marital residence and assist the defendant in the operation of his business. The current escrow represents the balance of the settlement funds.
The evidence indicates and the court finds that the defendant has previously received the benefit of over $100,000 of the settlement moneys. New equipment was purchased for his business, debts of his business were paid and he received cash from the proceeds from the sale of the residence.
The entire escrow funds are awarded to the plaintiff. Considering the source of the funds, the plaintiff's disability and the generous use of the proceeds for the benefit of the defendant, this is the appropriate disposition of this asset.
(3) Each party shall retain the assets listed on her and his financial CT Page 8062 affidavit. The defendant shall retain the entire interest in his business.
(4) The defendant shall pay the plaintiff the sum of $700 for her part ownership in a hot tub. Payment shall be made when the tub is sold or January 1, 2003, whichever first occurs.
(5) The defendant shall pay the $500 previously ordered as a sanction immediately.
(6) The defendant shall be solely responsible for the payment of the debts listed on his financial affidavit as well as the Getty Master Card debt that was not listed. He shall indemnify and hold harmless the plaintiff from any liability thereon.
(7) Each party shall pay her or his own counsel fees.
(8) The plaintiffs maiden name of Tuba is ordered restored.
Judgment may enter accordingly.
 ___________________ NOVACK, J.T.R.